# MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.

Attorneys at Law

1311 MAMARONECK AVENUE. WHITE PLAINS NY 10605
TEL: (914)517-5000 | FAX: (914)517-5055

June 13, 2006

Hon. Denis R. Hurley
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, New York, 11722

        Re:    Toback v. Google, Inc.
               Docket No.: 06CV2692(DRH)(WDW)
               Request for pre-motion conference for motion
               to remand pursuant to 28 U.S.C. §1447
               Our File No.: 14554

Dear Judge Hurley:

      We represent the plaintiff Jeffrey Toback in the above-captioned action. We are writing to request a pre-motion conference with Your Honor in anticipation of moving to remand this case to the Supreme Court, Nassau County, from which it was removed by defendant Google, Inc. on May 30, 2006. Because this Court is without jurisdiction to preside over the matter, we respectfully request that a pre-motion conference be scheduled at the Court's earliest convenience. We are available in-person or by telephone at the Court's direction.

      Mr. Toback, a Nassau County legislator and parent of three school age children, maintains that defendant, a multi-billion dollar business, makes its money, in part, by facilitating deviant criminals in the procurement, transfer and marketing of illicit and patently illegal material, including child pornography and other obscenity that is banned under a panoply of laws. (For the Court's convenience, a copy of the Amended Complaint is attached). Notably, Mr. Toback does not seek to recover any monetary damages. Rather, alleging purely state law claims, he seeks injunctive relief to compel Google, among other things, to stop advertising, promoting or distributing child pornography through its Google Website, to stop indexing or providing access on its website (through use of the Google search technology or otherwise) to any website that distributes, displays or markets child pornography, and to cease operating its Google Website without offering users effective tools to restrict access to child pornography (Amended Complaint, par. 50).

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

According to its removal petition, Google maintains that this Court has both diversity and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1332. With respect to the former, plaintiff does not dispute that there is diversity of citizenship. However, plaintiff submits that Google will be unable to meet the amount in controversy element of diversity jurisdiction. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F. 3d 291, 296 (2d Cir. 2000)(party removing has burden of proving with reasonable probability that claim is in excess of jurisdictional amount).

To be sure, plaintiff's election not to request money damages does not automatically defeat diversity jurisdiction. When an action seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation. Correspondent Service Corp. v. First Equities Corp. Of Florida, 442 F. 3d 767, 769 (2d Cir. 2006). Relying primarily on a case out of this district, Steinberg v. Nationwide Mutual Ins. Co., 91 F. Supp 2d 540 (2000), Google maintains that such value may be gleaned from the economic impact upon it of the injunctive relief sought here; and, that such impact will readily surpass the $5,000,000 threshold of the Class Action Fairness Act of 2005 (CAFA). 28 USC § 1332(d)(5). (Notice of Removal, pp 2-3[copy attached]).

In Steinberg, which was initially a pre-CAFA case, the plaintiffs brought a class action in state court against Nationwide Mutual Insurance Company, which provided plaintiffs with automobile insurance, including comprehensive coverage for losses not covered by a collision or upset. The plaintiffs complained that when Nationwide reimbursed them for a covered repair, such as replacement of a damaged engine, it improperly deducted a "betterment" charge corresponding to the amount the replacement part purportedly added to the value of the car. Claiming that such a deduction was improper, the plaintiffs sought to recover the amount of past deductions and to enjoin Nationwide from imposing "betterment" charges in the future. 91 F. Supp. 2d at 541-542.

Nationwide removed the action to federal court and the plaintiffs moved to remand. The Court concluded that the actual damages sustained by each plaintiff was insufficient to meet the amount in controversy threshold of $75,000, and should not be aggregated. Nevertheless, the Court found that the injunctive relief sought, which included prohibition of future betterment charges, would have an economic impact in excess of $75,000 on Nationwide, which was sufficient to meet the amount in controversy threshold.

The problem with Google's reliance on Steinberg is that the District Court overlooked the rule in the Second Circuit that the amount in controversy is calculated from the plaintiff's standpoint, not the defendant's. Correspondent Service Corp. v. First Equities Corp. of Florida, 442 F. 3d at 769, supra. Moreover, the Second Circuit **specifically overruled** the decision in Steinberg when that case was before it on Nationwide's motion for leave to appeal the District Court's order granting class

2

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

certification. Although neither party had raised the issue of whether the case was properly removed, the Second Circuit undertook to evaluate the issue *sua sponte* Holding that "the district court improperly measured the potential harm to defendants instead of valuing the object or relief to be gained by plaintiff," the Court of Appeals denied the motion for leave to appeal and remanded the case to the district court with instructions to remand it to state court. A copy of the Second Circuit's decision is attached; see, also, Steinberg v. Nationwide Mutual Ins. Co., 418 F. Supp. 2d. 215, 217-218 (E.D.N.Y. 2006).

Mr. Toback submits that despite the potential large cost of the injunction to Google, its value to him is speculative. See, e.g. Dimich v. Med-Pro, Inc., 304 F. Supp. 2d 517 (S.D.N.Y. 2004).

Similarly without merit is Google's contention that this Court has federal question jurisdiction. While the amended complaint makes mention of the Protection of Children from Sexual Predators Act of 1998, plaintiff does not seek recovery pursuant to that act, and Google conspicuously fails to allege that the statute provides a private federal cause of action. Short of the latter, the mere allegation of a violation of a federal statute as an element of a state cause of action generally does not state a claim arising under the constitution, laws, or treaties of the United States (28 U.S.C. 1331) See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 817, 106 S. Ct. 3229, 3237 (1986).

In sum, Google cannot sustain its burden of demonstrating "with reasonable probability" that federal jurisdiction exists over this matter. No federal question exists and the very case law on which Google relies to sustain its claim that the amount in controversy can be satisfied for diversity jurisdiction was expressly overruled by the Second Circuit. Accordingly, plaintiff requests that he be permitted to move to have this action returned to State Court at Your Honor's earliest practicable convenience.

Respectfully submitted,

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

Wayne M. Rubin (WMR-9664)

WMR/ht
Enclosures

cc: Wilson Sonsini Goodrich & Rosati
    12 East 49th Street, 30th Floor
    New York, NY 10017-8203

00181642 WPD