Glenn C. Colton (GC-2493)
Tonia Ouellette Klausner (TOK-8279)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
12 E. 49th Street, 30th Floor
New York, New York 10017

*Attorneys for Defendant
Google, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY TOBACK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No _____ Civ. _____ (_____)<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**<br><br>ECF CASE |

PLEASE TAKE NOTICE that Defendant Google, Inc. ("Defendant") hereby removes the above-entitled action from the Supreme Court of the State of New York for the County of Nassau, in which it is now pending, to the United States District Court for the Eastern District of New York. The grounds for removal are, *inter alia*, as follows:

1. On May 4, 2006, an action was commenced in the Supreme Court of the State of New York for the County of Nassau, entitled *Jeffrey Toback v. Google, Inc.*, Case No. 06-007246. An Amended Complaint was filed May 22, 2006 (the "Action"). Plaintiff provided Defendant's counsel a courtesy copy of the Amended Complaint on May 23, 2006. Defendant was never formally served. There are no other defendants named in the Action. Thus, this

C:\NrPortbl\PALIB1\KAR\2883850_1 DOC (4835)

Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) since it is filed within thirty (30) days of Defendant's receipt of a copy of the Complaint and Amended Complaint.

2. Defendant has not yet responded to the Amended Complaint and the time for doing so has not yet expired.

3. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of the Summons and Amended Complaint filed in the Action. To date, no pleadings or orders have been served upon Defendant in the Action.

4. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. More specifically:

   a. Plaintiff's Complaint alleges that he is a resident of Nassau County, New York. Amended Complaint, ¶ 15.

   b. At the time of filing of the Action, Defendant was, and still is, a Delaware corporation with its principal place of business in Mountain View, California. Amended Complaint, ¶ 17.

   c. As a purported class action with over 100 perspective members, the Class Action Fairness Act of 2005 (CAFA) is applicable. 28 U.S.C. § 1332(d)(5).

   d. The amount in controversy in the Action exceeds the jurisdictional minimum of $5,000,000 aggregate, exclusive of interest and costs as per CAFA. 28 U.S.C. § 1332(d)(2). Plaintiff's Amended Complaint does not seek compensatory damages, only injunctive relief. Amended Complaint, ¶ 2. In such instances the value of the claim is calculated "with reference to the right [plaintiff] seeks to protect and measured by the extent of the impairment to be prevented by the

injunction. In calculating the impairment, the court may look not only at past losses but also at potential harm." *A.F.A Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87-88 (2d Cir. 1991). This Court's interpretation of this standard is to look at the economic impact of the injunction sought by the plaintiff. *Steinberg v. Nationwide Mutual Ins Co.*, 91 F. Supp. 2d 540, 544 (E.D.N.Y. 2000). Given the expansiveness of the injunction sought by the Plaintiff, which requests a complete shut down of Google's website until, among other things, technology upgrades are made, there are advertisements for said technology, additional warnings are posted, and a new record keeping system is implemented, the economic impact of such an injunction clearly surpasses the $5,000,000 threshold imposed by CAFA. Amended Complaint, ¶ 50. Additionally, it has been held that the amount in controversy is satisfied when allegations in the complaint state that a defendant's unlawful practices save it "millions of dollars annually." *Id.*, see also, *Wagner v. Express Scripts, Inc.*, 2004 WL 1052780 (S.D.N.Y. 2004). Given the Amended Complaint's allegation that Google "generates billions of dollars of company value directly from [the activities complained of]," Amended Complaint, ¶ 27, the amount in controversy requirement is clearly met.

5. Additionally, the Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331. More specifically:

    a. The Amended Complaint relies on alleged violations of federal law namely, the Protection of Children from Sexual Predators Act of 1998 (P.L. 105-314). Complaint, ¶¶ 1, 12, 50. Thus, Plaintiff's action arises under federal law.

6. Pursuant to 28 U.S.C § 1446(d), promptly after the filing of this Notice of Removal, Defendant will give written notice to Plaintiff and file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York for the County of Nassau.

7 Defendant is represented by the undersigned attorneys who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

WHEREFORE, Defendant respectfully requests that the Action now pending against it in the Supreme Court of the State of New York for the County of Nassau be removed from that court to the United States District Court for the Eastern District of New York

Date: May 30, 2006

Respectfully submitted,

Glenn C. Colton (GC-2493)
Tonia Ouellette Klausner (TOK-8279)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
12 E. 49th Street, 30th Floor
New York, New York 10017
(212) 999-5800
Fax (212) 999-5899

*Attorneys for Defendant
Google, Inc.*

To: David J. Meiselman
Jeffrey I. Carton
Meiselman, Denlea, Packman, Carton & Eberz P.C.

1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

*Attorneys for Plaintiff
Jeffrey Toback*

C:\NrPortbl\PALIB1\KAR\2883850_1.DOC (4835)