Toback v. Google, Inc. | Doc. 6 Att. 3
Case 2:06-cv-02692-DRH-WDW   Document 6-4   Filed 06/14/2006   Page 1 of 2
Case 9:99-cv-07725-ADS-ARL   Document 284   Filed 03/16/2005   Page 1 of 2

EDNY - CT
99-cv-7725
Spatt, J.

# MANDATE

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N.Y.

★ MAR 16 2005 ★

LONG ISLAND OFFICE

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of December, two thousand and four,

Present:
    Hon. Guido Calabresi,
    Hon. Sonia Sotomayor,
    Hon. Peter W. Hall,
        Circuit Judges.

[Seal: UNITED STATES COURT OF APPEALS FILED DEC 30 2004 SECOND CIRCUIT]

STEPHEN R. STEINBERG,

    Plaintiff - Respondent,

v.                                                                 04-8018-cv

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant - Petitioner.

Petitioner moves for leave to appeal, pursuant to Fed. R. Civ. P. 23(f), from the district court's order granting class certification. Neither party has raised the issue of whether this case was properly removed from state court to the federal district court. Nevertheless, because a challenge to subject matter jurisdiction cannot be waived, and because where jurisdiction is lacking, dismissal is mandatory, we are obligated to consider whether the requirements of the diversity jurisdiction statute were satisfied in this case. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000). This Circuit measures the amount in controversy for purposes of federal jurisdiction from the plaintiff's viewpoint. *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Claims may be aggregated to satisfy the jurisdictional amount "only when several parties have a common, undivided interest and a single title or right is involved." *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997) (internal quotations omitted). Parties have a common, undivided

interest when the matters "⬤ not be adjudicated without implicating ⬤ rights of everyone involved with the res." *Id.*

The motion for leave to appeal is DENIED. Further, we hold that the amount in controversy requirement under 28 U.S.C. § 1332 is not met in this action. The district court improperly measured the potential harm to defendants instead of valuing the object or relief to be gained by the plaintiffs. Here, the plaintiffs do not individually satisfy the amount in controversy requirement. Plaintiffs' claims may not be aggregated to satisfy the jurisdictional amount because they do not have a common, undivided interest and a single title or right is not involved. Consequently, there is no federal subject matter jurisdiction and we remand the case to the district court with instructions to remand the case to state court. 28 U.S.C. § 1447(c).

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*

USCA SAO-PS.

THE MANDATE, CONSISTING OF
ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
(✓) ORDER

RECEIVED BY:_____ DATE_____